UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEJANDRO MARCIAS BARAJAS,

                            Petitioner,

-against-

SUPERINTENDENT, OF FIVE POINTS
CORRECTIONAL FACILITY; LETISHA
JAMES, ATTORNEY GENERAL OF THE
STATE OF NEW YORK DEPART. OF LAW
THE CAPITOL,

                            Respondents.

21-CV-6766 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Petitioner, who is currently incarcerated at Five Points Correctional Facility, brings this *pro se* petition under 28 U.S.C. § 2254 ("Section 2254") challenging his November 16, 2010 conviction in the County Court, Westchester County. By order dated September 23, 2021, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). The Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why this application should not be denied as time-barred.

## DISCUSSION

**A.     Applicable Statute of Limitations**

        Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under Section 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that, on November 16, 2010, he was convicted in the County Court, Westchester County. Petitioner states in the petition that he "did appeal from [his] judgment of conviction," (ECF 2, at 1), but he appears to be referring to a postconviction motion. Documents filed in the state court by the Westchester County District Attorney's Office, which are attached to the petition, indicate that Petitioner did not file a direct appeal. (*See id.* at 78 ("Defendant did not appeal his conviction.").) Petitioner's conviction therefore became final on December 16, 2010, when the time for filing a notice of appeal from Petitioner's judgment of conviction expired. 28 U.S.C. § 2244(d)(2); *see Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); *Raynor v. Dufrain*, 28 F. Supp. 2d 896, 898 (S.D.N.Y. 1998). Petitioner placed this petition in the prison mail collection box on August 1, 2021, more than ten years and seven months after the judgment of conviction became final.

Under the Antiterrorism and Effective Death Penalty Act, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies to toll the statute of limitations only if a petitioner's postconviction motion was pending within the one-year limitations period.

Here, Petitioner alleges that, on May 3, 2018, he filed a motion in the trial court to vacate his conviction under N.Y. Crim. Proc. Law § 440.10. (*See* ECF 2, at 3, 14-16.) The trial court denied Petitioner's section 440.10 motion on December 30, 2019. (*See id.* at 117-20.) On May

15, 2020, the New York State Supreme Court, Appellate Division, Second Department, denied Petitioner leave to appeal. (*See id.* at 59.) Petitioner's postconviction proceedings in the New York state courts, filed over seven years and four months after his conviction become final, do not appear to have tolled the limitations period. *See* 28 U.S.C. § 2244(d)(2).

**B.     Leave to File Declaration**

The Court therefore grants Petitioner sixty days' leave to file a declaration in which he alleges facts showing why this action is not time-barred. Petitioner should identify in his declaration: (1) the dates on which he filed all postconviction collateral motions and applications in the state courts challenging his conviction, including any application for error *coram nobis* relief, all motions under N.Y. Crim. Proc. Law § 440.10, and any other postconviction collateral motions and applications; (2) the dates on which the state courts issued decisions as to all of those motions and applications; (3) the dates on which he filed any appeals or applications for leave to appeal from those decisions; (4) the dates on which the state courts issued decisions as to those appeals or applications; and (5) the dates on which he received notice of all state-court decisions as to those applications and appeals. *See* section 2244(d)(2). Petitioner should also allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting his submission. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the one-year limitations period to bring a Section 2254 *habeas corpus* petition is subject to equitable tolling in appropriate cases).

**CONCLUSION**

Petitioner is directed to file a declaration within sixty days of the date of this order showing why the petition should not be denied as time barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if it shows that continuation of this proceeding is proper, will order the Respondents to answer. If Petitioner fails

to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny the petition as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   September 27, 2021
        New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____

(List the full name(s) of the defendant(s)/respondent(s).)

\_\_\_\_CV_____ (\_\_\_\_\_) (\_\_\_\_\_)

**AFFIRMATION FOR TIMELINESS**

I, _____, make the following Affirmation under the
   (List the full name of the plaintiff/movant/petitioner.)

penalties of perjury:

   I am the Plaintiff/Movant/Petitioner in this action and I respectfully submit this Affirmation in response to the Court's order dated _____. This action should not be time-barred by the statute of limitations because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

For the foregoing reasons, I respectfully request that this action be permitted to proceed.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| _____ | _____ |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| _____ | _____ |
| Address       City | State     Zip Code |
| _____ | _____ |
| Telephone Number | E-mail Address (if available) |

Rev. 2/17/16