UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEJANDRO MARCIAS BARAJAS,<br><br>                              Petitioner,<br><br>                    v.<br><br>SUPERINTENDENT OF FIVE POINTS<br>CORRECTIONAL FACILITY, *et al.*,<br><br>                              Respondents. | No. 21-CV-6766 (KMK)<br><br><u>ORDER ADOPTING REPORT &<br>RECOMMENDATION</u> |

KENNETH M. KARAS, United States District Judge:

On August 11, 2021, Alejandro Marcias Barajas ("Petitioner") brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Westchester County Court of murder, robbery, and criminal possession of stolen property in the fourth and fifth degree.  (Pet. for Writ of Habeas Corpus (Dkt. No. 2).)

On January 26, 2022, the Court referred this case to Magistrate Judge Andrew Krause. (Dkt. No. 13).  Judge Krause issued a thorough Report & Recommendation on February 25, 2026.  (Dkt. No. 20 ("R&R").)  Judge Krause recommended the Petition be denied as untimely because Petitioner, who did not act to appeal or challenge his conviction in state court for eight years after judgment was entered, filed this Petition "long after the expiration of the AEDPA one-year statute of limitations for filing a federal habeas petition" and was not entitled to equitable or statutory tolling.  (*Id.* 16.)  Petitioner did not answer Respondents' Opposition. (Dkt. No. 15).  No objections to the R&R were filed.[1]

---

[1] Judge Krause provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to the R&R were due within fourteen days of the

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Torres v. Golden Home Furniture Inc.*, No. 20-CV-4789, 2023 WL 3791807, at *1 (S.D.N.Y. June 2, 2023) (citing *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010)); see also *ExxonMobil Oil Corp. v. TIG Ins. Co.*, No. 16-CV-9527, 2022 WL 17070111, at *1 (S.D.N.Y. Nov. 17, 2022) (same). The Court has reviewed the R&R and, finding no substantive error, clear or otherwise, adopts the R&R in its entirety.

It is hereby ORDERED that the Report and Recommendation, dated February 25, 2026, is ADOPTED in its entirety and the Petition is DISMISSED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith because of Petitioner's failure to object to the R&R, (*see* R&R 18), and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). For the same reason, the Court also adopts Judge Krause's recommendation that a certificate of appealability should not issue. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

DATED:        March 24, 2026
              White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

receipt of the R&R, and that the failure to object would constitute a waiver of either Party's right to raise any objections to the R&R on appeal. (*See* R&R 17–18.)