UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEJANDRO MARCIAS BARAJAS,

Petitioner,

v.

SUPERINTENDENT OF FIVE POINTS
CORRECTIONAL FACILITY, *et al.*,

Respondents.

No. 21-CV-6766 (KMK)

AMENDED ORDER ADOPTING
REPORT & RECOMMENDATION*

---

KENNETH M. KARAS, United States District Judge:

On August 11, 2021, Alejandro Marcias Barajas ("Petitioner") brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Westchester County Court of murder, robbery, and criminal possession of stolen property in the fourth and fifth degree. (Pet. for Writ of Habeas Corpus ("Pet.") (Dkt. No. 2).)

On January 26, 2022, the Court referred this case to Magistrate Judge Andrew Krause. (Dkt. No. 13). Judge Krause issued a thorough Report & Recommendation on February 25, 2026. (Dkt. No. 20 ("R&R").) Judge Krause recommended the Petition be denied as untimely because Petitioner, who did not act to appeal or challenge his conviction in state court for eight years after judgment was entered, filed this Petition "long after the expiration of the AEDPA one-year statute of limitations for filing a federal habeas petition" and was not entitled to equitable or statutory tolling. (*Id.* 16.) Petitioner filed his objections on March 23, 2026.[1]

---

    * This order has been amended to reflect Petitioner's Objections to the R&R (Dkt. No. 22), which were docketed shortly after the Court filed the original Order (Dkt. No. 21).

Under 28 U.S.C. § 2244, a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitations period "run[s] from the latest of" either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review," "the date on which [some] impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing [a petition] by such State action," "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. §§ 2244(d)(1)(A)–(D).  The limitations period is tolled while a "properly filed application for State post-conviction review or other collateral review with respect to the pertinent judgment . . . is pending," unless that review was initiated after the one-year statute of limitations already expired.  28 U.S.C. § 2244(d)(2).  Here, the Petition does not allege that any new evidence has come to light, that New York State unlawfully impeded him

---

[1] Judge Krause provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to the R&R were due within fourteen days of service of the R&R, with three additional days when service is made by mail.  (*See* R&R 17.) Petitioner's Objections are dated March 17 and were received the following week, which is more than seventeen days from the February 26, 2026 mailing receipt.  (*See* Pet'r's Objs.; Dkt. (Mailing Receipt dated Feb. 26, 2026).)  Accordingly, though Petitioner's Objections do not seem timely filed at first glance, considering Petitioner's pro se status and his imprisonment, the Court still treats them as timely filed and considers them.  *See Hernandez v. Napoli*, No. 08-CV-10454, 2012 WL 1438240, at *1 n.1 (S.D.N.Y. Apr. 25, 2012).  And, because the Court is willing to consider Petitioner's Objections, the Court reviews the R&R de novo.  *See* 28 U.S.C. § 636(b)(1); *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025).

Accordingly, **the Court does not construe the timing of Petitioner's Objections as a waiver of objections that would itself preclude appellate review**.  (*See* R&R 18.)

2

from filing his petition, or that the Supreme Court has recognized a new constitutional right. (*See generally* Pet.)  Accordingly, the one-year statute of limitations began to run when the judgment became final either by the conclusion of direct review or the conclusion of Petitioner's time to seek it.  *See* 28 U.S.C. § 2244(d)(1)(A); *Trovato v. Kaplan*, No. 11-CV-6092, 2012 WL 7060608, at *2 (S.D.N.Y. Dec. 19, 2012), *report and recommendation adopted*, 2013 WL 636956 (S.D.N.Y. Feb. 11, 2013).

Here, Judge Krause found the Petition, which was filed on August 11, 2021, (*see* Pet.), time-barred.  Petitioner was sentenced on November 16, 2010, so his deadline to appeal was December 16, 2010.  (R&R 9.)  He did not appeal, so his judgment became final for § 2244's purposes on December 16, 2010—more than a decade before this Petition was filed.  (*Id.*)  Judge Krause also found Petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), because, although Petitioner filed a motion for state postconviction review, he only did so on May 3, 2018, over seven years after the statute of limitations for his habeas petition expired. (*Id.* 10–11.)  Finally, Judge Krause found Petitioner was not entitled to equitable tolling.  He rejected Petitioner's argument that his limited comprehension of English was grounds for equitable tolling because Petitioner had not "demonstrate[d] that he made any efforts to obtain assistance with understanding, in his native Spanish, the legal requirements for filing a habeas petition."  (*See id.* 13.)  Nor did Petitioner's lack of fluency with the legal system entitle him to equitable tolling.  (*Id.* 14.)

In his objections, Petitioner "does not dispute the dates" relevant to his Petition and the history of his prosecution and challenges to his conviction, or otherwise engage with the R&R's timeliness determination.  (Pet'r's Objs. 1.)  Instead, he focuses on the merits of his Petition. (*See id.* 2–5 (discussing issues relating to concurrent immigration proceedings, his interpreter in

his criminal prosecution, and his appellate waiver in his guilty plea).  Because the Petition is time-barred for the reasons correctly stated in the R&R, the Court need not reach these arguments.  (*See* R&R 16.)

The Court also agrees with the R&R that, on these facts, Petitioner is not entitled to equitable tolling of the one-year statute of limitations based on his English comprehension or lack of legal acumen, or the state court's delay in resolving the 440.10 Motion that Petitioner filed years after the time to file his § 2254 petition expired.  *See Diaz v. Kelly*, 515 F.3d 149 (2d Cir. 2008) (denying equitable tolling where petitioners had not shown they made "all reasonable efforts to obtain assistance to mitigate [their] language deficiency," like making "any efforts to contact anyone outside the prison" to help with their petitions); *Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017) ("Nor can equitable tolling be premised on [Petitioner's] lack of education, pro se status, or ignorance of the right to bring a claim."); *Smith v. Lord*, 230 F. Supp. 2d 288, 292 (E.D.N.Y. 2002) ("Having fully expired, the one-year limitation period could not be revived by [petitioner's] subsequent collateral challenge [via C.P.L. § 440.10 motion]."). Accordingly, having considered Petitioner's Objections and after conducting a de novo review of the R&R, the Court adopts Judge Krause's recommendation that the Petition is time-barred.

4

It is hereby ORDERED that the Report and Recommendation, dated February 25, 2026, is ADOPTED in its entirety and the Petition is DISMISSED.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, (*see* R&R 18), and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  For the same reason, the Court also adopts Judge Krause's recommendation that a certificate of appealability should not issue.  The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

DATED:  March 25, 2026
        White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE